Samuel Gordon Tanner, Jr., a minor, acting by and through his father and next friend, Samuel G. Tanner, Sr.; Samuel G. Tanner, Sr.; and Debra Tanner appeal from a summary judgment entered in favor of Jerome Lee, d/b/a Lee Construction Company. The Tanners had sued Lee, seeking damages based on personal injuries Samuel Gordon Tanner, Jr. ("Sammy"), had sustained while in a partially constructed house that was being built by Lee.
The complaint alleged that on November 7, 1993, Sammy was injured in a partially constructed house; that Lee, the builder of the house, had negligently and/or wantonly maintained the premises by creating or allowing a dangerous condition to exist; and that this dangerous condition caused Sammy's injury. Lee filed an answer, denying the allegations.
Lee filed a summary judgment motion, along with documents and a brief in support of the motion. The Tanners filed a response in opposition to the summary judgment motion. The Tanners' attorney filed a Rule 56 affidavit, stating that he had retained the services of an expert witness to testify regarding Lee's violations of the federal Occupational Safety and Health Administration (OSHA) standards as those standards apply to new-home construction, but that the expert witness had been unable to complete his affidavit.
After a hearing, the trial court entered a summary judgment in favor of Lee. The Tanners appealed to the Alabama Supreme Court, which transferred the case to this court, pursuant to §12-2-7 (6), Ala. Code 1975.
Sammy was 11 years of age in November 1993, when he and two of his friends entered the partially constructed house and "started to play tag." The three boys climbed to the second floor of the house and continued to play tag. Sammy testified that he really did not play tag on the second floor and that he did not run on the second floor of the house because, he said, "[i]t wasn't really secure enough to run" and he was afraid that if he ran he might fall. Sammy also testified that he "was just kind of hanging on by the little boards and walking around up there."
Sammy stated that on the second floor pieces of plywood had been laid over some of the floor studs. Sammy also stated that there were areas of the second floor with *Page 989 
floor studs only and no plywood, and there was a large open area with few or no studs and no plywood.
The boys had been in the house approximately 20-30 minutes when a nail, sticking out of a board, caught on the pocket of Sammy's shorts. This caused Sammy to lose his balance and to fall to the first floor. Sammy fractured both wrists and a knee and damaged his spleen.
In his deposition, Sammy admitted that he knew that his parents would not have approved of his playing on a construction site. Sammy testified:
 "Q. Did you know there was a risk you might fall when you went up on the second floor of this home?
 "A. After I had been up there a second and saw how the boards were laid out, then, yeah, I thought, boy, I could fall through them. That's why I tried to stay on the wider parts of it.
 "Q. How long did it take you to realize that, once you got up to the second floor?
 "A. Not very long, just a few seconds when I saw it."
Sammy testified that he was scared of falling because he knew that if he fell he could possibly get hurt.
In Tolbert v. Gulsby, 333 So.2d 129, 135 (Ala. 1976), our supreme court adopted Restatement (Second) of Torts § 339 (1965) as the standard to be applied when children, whether licensees or trespassers, are injured on another's property.
In Hollis v. Norfolk Southern Ry., 667 So.2d 727, 730 (Ala. 1995), our supreme court stated, "All five conditions set out in § 339 must be met before a landowner will be held liable for injury to a trespassing child caused by an artificial condition on the land." The supreme court also stated that "Section 339 (c) makes a lack of knowledge of the risk and a lack of ability to appreciate that risk an element of a plaintiff's prima facie case," 667 So.2d at 731, and that "a landowner is not subject to liability when a child knows of a danger and appreciates the risk involved, but chooses to go forward and to encounter the danger out of `recklessness or bravado.'" 667 So.2d at 732. As previously noted, Sammy testified that within seconds after he had climbed to the second floor he realized that there was a danger that he might fall and get hurt. The Tanners were clearly unable to meet their burden of presenting evidence to establish all five conditions of § 339.
The Tanners contend that the trial court committed reversible error by entering the summary judgment without affording them an opportunity to submit their expert's affidavit. However, the expert's proposed testimony was to have focused on alleged violations of OSHA regulations; thus, it would not be relevant to the Tanners' claims. See Mead Coated Board, Inc. v. Dempsey,644 So.2d 872, 876 (Ala. 1994).
The summary judgment is due to be affirmed.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of §12-18-10 (e), Ala. Code 1975.
AFFIRMED.
All the judges concur.